IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TYRONE TRIPLETT, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 10-00122-WS-N |
| | ) |
| CHERYL PRICE, | ) |
| | ) |
| Respondent. | ) |

REPORT AND RECOMMENDATION

This action is before the court on respondent's answer (doc. 13 ), wherein respondent sets forth, *inter alia*, that petitioner's habeas corpus petition, filed on March 11, 2010 (doc. 1)[1], is due to be dismissed as untimely filed. The matter has been referred to the undersigned Magistrate Judge for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  Upon consideration of the petitioner's § 2254 petition (Doc. 1), respondent's opposition thereto (doc. 13), petitioner's reply (doc. 16), and all other pertinent portions of the record, it is the recommendation of the undersigned that the § 2254 petition be **DENIED**.

I.  FINDINGS OF FACT and PROCEDURAL HISTORY

The petitioner, Tyrone Triplett ("Triplett"), was convicted by a jury on March 2, 2005, in Mobile County Circuit Court, of second degree rape, a violation of Alabama

---

[1] Triplett's petition was filed in this Court on March 11, 2010, arriving in an envelope bearing a postmark of March 9, 2010.  (Doc. 1 at 1, 15).

Code (1975) § 13A-6-62,[2] and was sentenced to life imprisonment. (Doc. 13-5 at 12-14, 21).[3] The factual basis for this conviction was set forth by the Alabama Court of Criminal Appeals as follows:[4]

> [W]hen ninth-grader S.R. was walking to a friend's house in the fall of 2001, the [Petitioner] drove up beside her, handed her a piece of paper with the name "Terrell" and a telephone number written on it, and told her to call him. She called a few days later, and he apparently obtained her telephone number from caller ID. He then began calling her repeatedly and approaching her outside her school and near her home when she avoided his calls. On October 30, 2001, S.R. was at home because she had been suspended from school. Triplett came to her house, and she agreed to go to the mall with him in exchange for his promise not to call or follow her anymore. He gave her a $100 bill for shopping but then drove to an apartment complex instead of the mall. She went inside one of the apartments with him when he said he needed to make some calls. Triplett tried to kiss S.R., but she refused. He then got a gun from another room, pointed it at his head and said that he would kill himself If he could not have her. Next, he stated that they both might die and put the gun to her head. After removing S.R.'s jeans and forcing her into the bedroom at gunpoint, Triplett placed the gun on the dresser. He kissed S.R.'s 'private part' and penetrated her with his penis, but she did not resist because she was afraid that he would kill her. When he had finished, Triplett ordered S.R. to wash herself and drove her home. That night, S.R. placed the $100

---

[2] Triplett was previously convicted of first degree rape stemming from the same incident, but his conviction was reversed on the ground that he had been denied the opportunity to testify at trial. *See* Ex parte Triplett, 899 So. 2d 216 (Ala. 2004). The first degree rape conviction is thus not at issue here. What Triplett challenges is his conviction on March 2, 2005 of second degree rape, a conviction which resulted from the subsequent retrial. Respondent has, pursuant to the Court's Order dated April 6, 2010 (doc. 5), filed the entire record on appeal from Triplett's conviction. *See* Doc. 5, p. 3 (...where Petitioner alleges ineffective assistance of counsel…the entire trial record must be filed.").

[3] Petitioner had one prior felony and, as such, was sentenced as a habitual offender. (Doc. 13-7 at 1).

[4] AEDPA directs that a presumption of correctness be afforded factual findings of state courts, "which may be rebutted only by clear and convincing evidence." Bui v. Haley, 321 F.3d 1304, 1312 (11th Cir. 2003) (citing 28 U.S.C. § 2254(e)(1)). "This presumption of correctness applies equally to factual determinations made by state trial and appellate courts." Id. (citing Sumner v. Mata, 449 U.S. 539, 547 (1981)).

> bill into the offering box at her church.  She subsequently told a cousin and her pastor what Triplett had done and the pastor notified the police.
>
> E.R. testified that in January of 2002, when she was in high school. Triplett approached her and asked for her telephone number. He began calling her repeatedly and giving her rides.  On one occasion he took her to the same apartment where he had taken S.R.  He tried to kiss E.R., but she refused.  On a subsequent occasion, he offered E.R. a ride to school but took her to the apartment instead.  He then put a gun to his head and to her head and threatened to kill them both.  He forced E.R. to take off her pants and get onto the bed at gunpoint.  When he put his mouth on her vagina, she cried and struggled.  He then stopped the abuse and drove E.R. to school.

(Doc. 13-7 at 1-2).

Triplett appealed his conviction to the Alabama Court of Criminal Appeals, and the court affirmed his conviction on October 24, 2005.  (Doc. 13-7).[5]  Triplett filed an application for rehearing that was overruled on February 24, 2006.  (Doc. 13-9).  The Alabama Supreme Court denied Triplett's writ of certiorari and entered a certificate of judgment on April 14, 2006.  (Doc. 13-11).  Triplett did not seek certiorari review in the United States Supreme Court.

On March 19, 2007, Triplett filed his first petition for post-conviction relief, but the trial court denied his *in forma pauperis* request and summarily dismissed the Rule 32 petition on May 2, 2007.  (Doc. 13-12 at 17).   Triplett filed, in the trial court, a notice of appeal from this adverse ruling on July 23, 2007.  (Doc. 13-12 at 18).  Triplett thereafter filed, on August 23, 2007, a motion for reconsideration of the denial of his motion for *in*

---

[5] The Alabama Court of Criminal Appeals rejected Triplett's sole argument that the trial court erred in admitting evidence of a photographic identification made by his victim.  (Doc. 13-6 at 6, 22-30; Doc. 13-7 at 3-4).

*forma pauperis*. (*Id.*)  This motion was denied by the trial court on August 27,2007. (*Id.*)  Also on August 27, 2007, the Court of Criminal Appeals granted Triplett's motion to appeal in forma pauperis. (*Id.*).  Triplett's appeal from the denial of his first Rule 32 petition was then dismissed by the Court of Criminal Appeals on September 17, 2007, as untimely filed and a certificate of judgment was entered. (*Id.*; Doc. 13-13).  On October 4, 2007, after Triplett filed an application for rehearing, the Court of Criminal Appeals recalled the certificate of judgment issued on September 17, 2007.  (Doc. 13-14).  The court then entered an "Order On Application For Rehearing" on October 9, 2007, dismissing Triplett's appeal as untimely.  (Doc. 13-15).  On November 1, 2007, the Supreme Court of Alabama struck Triplett's petition for writ of certiorari for its failure to comply with Rule 39 of the Alabama Rules of Appellate Procedure.  (Doc. 13-16).  Triplett then filed a "renewed petition for writ of certiorari," which the Alabama Supreme Court treated as an application for rehearing and struck pursuant to Ala. R. App. P. 39(1). (Doc. 13-17).  Triplett then filed a motion for an out-of-time appeal in the Court of Criminal Appeals, which was dismissed on December 28, 2007.  (Doc. 13-18).

On January 18, 2008, Triplett's "motion of consideration" filed on July 26, 2007, was granted, and the court ordered Petitioner be allowed to file his Rule 32 petition without first paying the filing fee.  (Doc. 13-12 at 19).  Triplett's subsequent request to reinstate his original Rule 32 petition was denied on April 17, 2008.  (*Id.*).

4

Triplett then filed a second Rule 32 petition on October 27, 2008.[6] (Doc. 13-12 at 50). The trial court dismissed the petition as untimely and found its claims to be insufficiently plead or meritless. (*Id*. at 69-80). The Court of Criminal Appeals affirmed the trial court's dismissal and entered a certificate of judgment on October 9, 2009. (Doc. 13-20; Doc. 13-24).

Triplett filed his federal habeas petition on March 11, 2010. (Doc. 1). In her Answer, Respondent argues, in sum, that Triplett's habeas petition should be dismissed as untimely under 28 U.S.C. § 2244(d)(1).[7] (Doc. 13 at 7-12). Triplett was given an opportunity to respond to Respondent's arguments, which he did on August 18, 2010. (See Doc. 16). The issues have been fully briefed and are now ripe for the Court's consideration.

## II.   ANALYSIS.

A.   Statute of Limitations.

Title 28 U.S.C. § 2254 governs the authority of the federal courts to consider applications for writs of habeas corpus submitted by state prisoners. Henderson v. Campbell, 353 F.3d 880, 889 (11th Cir. 2003). Section 2254 was amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which became effective

---

[6] Among the many claims asserted by Triplett in his second Rule 32 petition, he argued that the trial court lacked jurisdiction to enter its judgment because it erred by improperly amending his indictment through its jury instructions and that his counsel was ineffective on several grounds. (Doc. 13-12 at 52-67).

[7] Respondent also argues that Triplett has failed to exhaust his federal claims, has asserted claims not cognizable in a federal habeas petition, and has asserted claims that are procedurally defaulted. (Doc. 13 at 12-21).

April 24, 1996. 353 F.3d at 890. Since Triplett filed his petition on March 11, 2010, this action is governed by AEDPA.

Pursuant to 28 U.S.C. § 2244(d), as amended, a state prisoner seeking a federal habeas corpus remedy must file his federal petition within one year of the "conclusion of direct review or the expiration of the time for seeking such review." The Act provides that:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

As discussed above, the record shows that the Alabama Supreme Court issued a certificate of judgment on April 14, 2006 affirming Triplett's conviction and sentence. Therefore, the AEDPA filing limitation began to run on July 13, 2006, 90 days after the certificate of judgment was entered.  See § 2244(d)(1)(A).  The one-year limitations period for filing an action under § 2254 expired on July 13, 2007.

B.  Statutory Tolling.

Section 2244(d)(2) provides for statutory tolling of the habeas limitations period during the time in which a properly filed application for state post conviction or other collateral review is pending.  The case law is very clear, however, that an untimely filed state post-conviction petition is not considered "properly filed" and does not toll the habeas limitation period.  See Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005) ("For these reasons, we hold that time limits, no matter their form, are 'filing' conditions.  Because the state court rejected Triplett's post conviction Rule 32 petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2).").

In determining if a state petition is "properly filed," deference is given to state procedural rules governing filings, with the caveat that the state rule must be "firmly established and regularly followed."  Wade v. Battle, 379 F.3d 1254, 1259-60 (11th Cir. 2004).  Triplett filed a Rule 32 petition in the Mobile County Circuit Court collaterally attacking his conviction and sentence on March 19, 2007; however, this petition was not properly filed.  Specifically, the state court held that Triplett's petition was not properly filed because he failed to pay the requisite filing fee, and he failed to meet the court's

7

requirements for proceeding *in forma pauperis*.[8]  (Doc. 13-12 at 17).  Thus, Triplett's first Rule 32 petition had no tolling effect under § 2244(d)(2).[9]

Triplett's second Rule 32 petition was also dismissed as untimely (and meritless) by the trial court.  (Doc. 13-12 at 69-80).  The Alabama Court of Appeals affirmed this dismissal (Doc. 13-20; Doc. 13-24).

Because Triplett's Rule 32 petitions were not "properly" filed applications for state post-conviction relief, they had no tolling effect on the running of the AEDPA limitation period.  In the absence of such statutory tolling, Triplett's federal habeas petition, which was not filed with this Court until March 11, 2010, is untimely.  However, this does not end the court's inquiry.  The court must next determine whether petitioner can show the existence of extraordinary circumstances that warrant the application of equitable tolling.

    C.    <u>Equitable Tolling/Actual Innocence Exceptions</u>.[10]

A federal court can consider the merits of an untimely § 2255 motion only if the petitioner establishes that he is factually innocent of the crime for which he was

---

[8] There is no evidence in the record before the Court as to the exact reasoning of why Triplett was denied filing *in forma pauperis* on March 19, 2007.  However, the Court respects the state court's orders as to its procedural rules.

[9] The untimeliness of Triplett's first Rule 32 petition is also confirmed by the Court of Criminal Appeals subsequent dismissal of Triplett's appeal from the state court's dismissal of his first Rule 32 petition on the grounds that it was untimely and the denial of Tripletts rehearing motion as untimely (Doc. 13- 13; Doc. 13-15).  Triplett's motion for an out-of-time appeal was also dismissed as untimely (Doc. 13-18).

[10] Triplett makes no argument that he is actually / factually innocent of the crime for which he was convicted and nothing in the record supports this exception.

convicted, San Martin v. McNeil, 633 F.3d 1257, 1268 (11th Cir.2011) ("The actual innocence exception is 'exceedingly narrow in scope, and the petitioner must demonstrate that he is factually innocent rather than legally innocent."), *cert. denied sub nom*. San Martin v. Tucker, ––– U.S. ––––, 132 S.Ct. 158, 181 L.Ed.2d 73 (2011), or if he establishes that the limitations period should be equitably tolled, Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir.2003) ("We have emphasized [ ] that equitable tolling applies only in truly extraordinary circumstances.... Appellant bears the burden of establishing that he is entitled to this extraordinary relief."), aff'd, 544 U.S. 295, 125 S.Ct. 1571, 161 L.Ed.2d 542 (2005).

The Eleventh Circuit Court of Appeals has held that § 2244 permits equitable tolling "'"when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence'." Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), *quoting* Sandvik v. U.S., 177 F.3d 1269, 1271 (11th Cir. 1999).  The Steed Court stated that "[e]quitable tolling is an extraordinary remedy which is typically applied sparingly.  (*Id.*)   *See also* Miller v. New Jersey State Dep't of Corr., 145 F.3d 616, 618-19 (3rd Cir. 1998) ("equitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair'"). The burden firmly rests with the petitioner to establish that he is entitled to the benefit of this extraordinary remedy.  Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002). The circumstances of Triplett's case fail to demonstrate that he is entitled to equitable tolling of the AEDPA's statutory limitations period.

.

9

Triplett's argument for equitable tolling is that the trial court "denied him the right to file his rule 32 post-conviction petition because of his inability to pay the filing fee." (Doc. 16 at 1). Despite the initial denial of Triplett's motion to file i*n forma pauperis*, it was later granted, and he was allowed to file appeals and writs in the state appellate and supreme courts in the interim. The state courts continuously ruled or affirmed that Triplett's petitions were untimely filed. The Court finds that Triplett had ample opportunities to plead his arguments to the state courts regarding his untimely filings, and the state courts reviewing Triplett's claims and applying state procedural rules repeatedly held his claims were time-barred.[11]

Triplett asserts that his second Rule 32 petition should be deemed filed on March 19, 2007, the date he submitted his first Rule 32 petition, since he was denied the right to file his first post-conviction petition because of his inability to pay and was not allowed to file *in forma pauperis* until January 18, 2008, after the statutory limitation period had passed. (Doc. 16 at 1-2; Doc. 13-12 at 19). However, even if the Court were to agree

---

[11] In regards to Triplett's second Rule 32 petition, the trial court stated that "Petitioner's claim is time-barred on its face and because Petitioner has failed to assert equitable tolling, his petition is summarily dismissed;" it also found Petitioner's claims to be successive. (Doc. 13-12 at 71). On appeal, Triplett did not raise the issue of whether or not his claims were time barred; rather he argued, among numerous claims, that his claims were not successive because the trial court lacked jurisdiction to rule on the merits of the case because it denied his *in forma pauperis* filing. (Doc. 13-19 at 10). The Court of Criminal Appeals stated that
> [b]ecause the appellant's claim was obviously without merit, the circuit court properly summarily denied his petition. See Rule 32.7(d), Ala. R. Crim. P. Consequently, we need not address the propriety of the circuit court's finding that his petition was successive. See Sumlin v. State, 710 So. 2d 941 (Ala. Crim. App. 1998) (holding that we will affirm a circuit court's denial of a Rule 32 petition if it is correct for any reason).

(Doc. 13-20 at 3).

with Triplett's argument, his federal habeas petition would still be untimely filed pursuant to § 2244 by at least 37 days based on the following calculations: Triplett had until July 13, 2007 to file his habeas petition. Assuming arguendo that Triplett's Rule 32 petition was deemed properly filed on March 19, 2007, this would mean that 249 days had lapsed, and he had 116 days left on the tolling calendar. And, assuming the Court tolled the entire time period that Triplett sought appellate review of his petition, which would be until October 9, 2009, when the Court of Criminal Appeals affirmed the trial court's dismissal of his second Rule 32 petition and entered a certificate of judgment (Doc. 13-20; Doc. 13-24), Triplett would have had to file his habeas petition within 116 days, by February 2, 2010. However, he did not. Triplett filed his habeas petition on March 11, 2010, 37 days past the AEDPA statute of limitations period.

"In order to be entitled to the benefit of equitable tolling, a petitioner must act with diligence, and the untimeliness of the filing must be the result of circumstances beyond his control." Drew, 297 at 1286-87. The facts presented by Triplett do not evidence extraordinary circumstances beyond his control which made it impossible for him to file his petition for a writ of habeas corpus in a timely manner, nor do they present a sufficient basis upon which to conclude that Triplett used due diligence in pursuing habeas corpus relief in a timely manner. Therefore, equitable tolling is inapplicable to the present case and does not save Triplett's untimely filing of his habeas petition.

## CERTIFICATE OF APPEALABILITY/*IN FORMA PAUPERIS*

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the

applicant." Rule 11(a) of the Rules Governing 2254 Cases (December 1, 2009).  A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U .S.C. § 2253(c)(2). When a habeas petition is dismissed on procedural grounds, such as in the instant case, without reaching the merits of any underlying constitutional claim, "a COA should issue [only] when the prisoner shows ... that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000);  Miller-EL v. Cockrell, 537 U.S. 322, 336 (2003)("Under the controlling standard, a petitioner must 'show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.' ").

In the instant case, Triplett's claims do not warrant the issuance of a Certificate of Appealability. Triplett's claims are time-barred and he has failed to demonstrate any basis for tolling the limitations period. Under the facts of this case, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Triplett should be allowed to proceed further.  Slack, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Accordingly, the undersigned recommends that the Court conclude that no reasonable jurist could find it

debatable whether the Triplett's petition should be dismissed; thus, he is not entitled to a certificate of appealability.

Additionally, the undersigned here addresses the related issue of whether any appeal of an order adopting this Report and Recommendation and denying habeas relief may be brought *in forma pauperis*. An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); *see* Fed.R.App. P. 24(a)(3)(A); Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000) (concluding that "good faith" is "an objective concept" and that "not taken in good faith" is "a synonym for frivolous"); DeSantis v. United Techs, Corp., 15 F.Supp.2d 1285, 1288-89 (M.D .Fla.1998) (stating that good faith "must be judged by an objective, not a subjective, standard" and that an appellant "demonstrates good faith when he seeks appellate review of any issue that is not frivolous"). An appeal filed *in forma pauperis* is frivolous if "it appears that the Plaintiff has little to no chance of success," meaning that the "factual allegations are clearly baseless or that the legal theories are indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir.1993). For the foregoing reasons, the undersigned recommends that the court find no possible good faith basis for appeal of the denial of the petitioner's habeas claims, and thus that no appeal of such a ruling may be brought *in forma pauperis*.

## CONCLUSION

Based on the foregoing, it is the recommendation of the undersigned Magistrate Judge that Petitioner's petition for habeas corpus be dismissed with prejudice as time barred and that judgment be entered in favor of the Respondent, Cheryl Price, and against

13

the Petitioner, Tyrone Triplett.  It is further recommended that any motion for a Certificate of Appealability or for permission to appeal in forma pauperis be denied.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the magistrate judge.

**DONE** this  27th  day of February, 2013.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.      **Objection**.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[12] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      **Opposing party's response to the objection**.  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection.  FED. R. CIV. P. 72; SD ALA LR 72.4(b).

3.      **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and FED. R. CIV. P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

        **DONE** this the   27th   day of February, 2013.

                                /s/ Katherine P. Nelson
                                **UNITED STATES MAGISTRATE JUDGE**

---

[12] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]"  FED. R. CIV. P 72(b)(2).